IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA HAYWARD,<br>Plaintiff, | :<br>: | <br>1:16-cv-2555 |
| v. | :<br>:<br>: | <br>Hon. John E. Jones III |
| HERSHEY MEDICAL CENTER, *et al.*,<br>Defendants. | :<br>:<br>: | |

**MEMORANDUM**

**January 17, 2018**

Plaintiff Patricia Hayward ("Hayward"), a state inmate who, at all times relevant, was incarcerated at the State Correctional Institution at Muncy, Pennsylvania, commenced this action on December 28, 2016. (Doc. 1).

Pending before the Court are motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Hershey Medical Center ("Hershey Medical") (Doc. 21) and Defendant Dr. Landsberg ("Dr. Landsberg") (Doc. 24). Hershey Medical filed its supporting brief on April 4, 2017 (Doc. 22), and Dr. Landsberg filed his brief in support on April 19, 2017 (Doc. 27). Hayward failed to respond or oppose the motions in any manner. On June 12, 2017, the Court directed Hayward to oppose the motions on or before June 30, 2017, and advised her that the failure to do so would result in the motions being deemed unopposed. (Doc. 30). Hayward neither opposed the motions nor sought an enlargement of

time in which to do so. For the reasons set forth below, the motions to dismiss will be deemed unopposed and granted.

Additionally, for the reasons set forth below, the Court concludes that the complaint against Dr. Davis is subject to dismissal pursuant to 28 U.S.C. 1915(e)(2)(B)(ii).

# I. STANDARDS OF REVIEW

## A. Rule 12

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. *Innis v. Wilson*, 334 F. App'x 454, 456 (3d Cir. 2009) (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008)). A district court ruling on a motion to dismiss may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "First, the factual and legal elements of a claim should be separated." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Second, the court must then determine whether the complaint states a plausible claim for relief, which is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 211 (citing *Iqbal*, 556 U.S. at 679); *see also* 28 U.S.C. § 1915A(b) (directing the court to identify cognizable claims and to dismiss any portion of the complaint that fails to state a claim). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679; Fed. R. Civ. P. 8(a)(2).

**B. Section 1915**

Section 1915(e)(2)(B)(ii), which pertains to *in forma pauperis* proceedings states, in pertinent part, "the court shall dismiss the case at any time if the court determines that…the action or appeal…fails to state a claim on which relief may

be granted." 28 U.S.C. §1915(e)(2)(B)(ii). The applicable standard of review for is the same as the standard for a motion pursuant to 12(b)(6) of the Federal Rules of Civil Procedure, which provides for the dismissal of complaints that fail to state a claim upon which relief can be granted.

## II. ALLEGATIONS OF THE COMPLAINT

Hayward alleges that on March 14, 2014, she indicated to Dr. Lansberg that she was in pain and leaking urine into her stool. (Doc. 1, p. 2). She was sent to "Geisinger who has said nothing was wrong then he referred me to Dr. Davis @ Hershey Medical Center." (*Id.* at 1, 2). She was diagnosed with a prolapsed bladder and prescribed eight weeks of therapy. (*Id.* at 2). Dr. Davis referred her to a therapist at Geisinger Medical Center. (*Id.*) She completed the therapy. (*Id.*) A year later, she complained that she "could not hold her bowel" and was in pain. (*Id.* at 3). Dr. Landsberg purportedly informed her that the wrong therapy was administered the prior year. (*Id.*) Dr. Landsberg ordered additional therapy, which Hayward completed. (*Id.*)

On January 19, 2015, Hayward alleges that she was taken to the infirmary at 11:00 p.m. and given "two cups of sterilizer to get [her] body preped [sic]" and the nurse allegedly stated "I don't know if I'm suppose [sic] to prep her there's no chart for her." (*Id.*)

On January 20, 2016, she allegedly was "sent out for surgery." (*Id.*) On February 18, 2016, she was seen by Dr. Landsberg for a check-up. (*Id.*) She alleges that despite the fact that she informed Dr. Landsberg that nothing was to be inserted in her vagina for two months, he performed an internal examination which caused her to scream. (*Id.*) She later went to sick call due to blood leaking from her vagina and it was discovered that the stitches were broken. (*Id.*) She states that Dr. Landsberg "told [her] not to come back for 1 year[.] [H]e said I heard your surgery wasn't successful[.] Get on the table for an internal[.] [She] said no & grieved him." (*Id.*)

She alleges that during her March 18, 2016 appointment with Dr. Davis, she informed him of the "painful visit with Dr. Lansberg [sic] for an internal…" (*Id.* at 4). Dr. Davis indicated that he would speak to Dr. Landsberg. (*Id.*) He did not examine her. (*Id.*)

In the "Relief" section of the pleading Hayward indicates that her problems are ongoing and states "I believe they should pay for mental anguish, lack of medical care, pain & suffering, embarrasment [sic], post[-]traumatic stress[.]" (*Id.*)

## III. <u>DISCUSSION</u>

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Thus, § 1983 limits liability to persons who violate constitutional rights.

**A. Hershey Medical**

1. Constitutional Claim

Hershey Medical argues that "Plaintiff has not pled any facts that would establish or otherwise suggest that the Moving Defendant acted under color of state law." (Doc. 22, p. 15). To state a claim under 42 U.S.C. § 1983, Hayward must allege that Hershey Medical was a person acting under color of state law at the

time of the alleged deprivation of Plaintiff's constitutional rights. *West v. Atkins*, 487 U.S. 42, 48 (1988). "In cases under § 1983, 'under color' of law has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment." *United States v. Price*, 383 U.S. 787, 794 n.7 (1966); *see also Robison v. Canterbury Vill., Inc.*, 848 F.2d 424 (3d Cir. 1988). Thus, "[t]he ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights fairly attributable to the State?" *Rendell–Baker v. Kohn*, 457 U.S. 830, 838 (1982). "What is fairly attributable is a matter of normative judgment, and the criteria lack rigid simplicity . . . no one fact can function as a necessary condition across the board for finding state action[.]" *Brentwood Acad. v. Tenn. Secondary Sch.*, 531 U.S. 288, 295 (2001). The Third Circuit has articulated three tests that can be used to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether 'the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.' Under any test,

the inquiry is fact-specific. *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal brackets, citations, and quotation marks omitted).

The complaint is completely devoid of allegations or facts that would indicate that Hershey Medical falls within any of the tests that render a private entity a state actor. Although it is clear from the complaint that Hayward was a state inmate at the time she was treated at Hershey Medical, that fact does not transform the hospital, or any of its agents, into persons who acted under color of state law. *See Nunez v. Horn*, 72 F.Supp.2d 24, 27 (N.D.N.Y.1999) (holding private physician who was not employed by prison or under contract with state to perform medical services to inmates and who performed surgery on inmate in private hospital was not a state actor for section 1983 purposes). *See also Smith v. Cpr. Louriero*, No. 3:16-cv-0741, 2017 WL 2952819 at *6 (M.D.Pa. June 2017) (report and recommendation adopted *sub nom*. *Smith v. Louriero*, No. 3:16-CV-0741, 2017 WL 2926020 (M.D. Pa. July 7, 2017)); *Rosario v. Washington Mem'l Hosp.*, No. 12-1799, 2013 WL 2158584, at *3 (W.D. Pa. May 17, 2013); *Dixon v. Baptist South Medical Hosp.*, No. 2:07–CV–662, 2010 WL 431186, at *7 (M.D. Ala., Feb. 1, 2010) (stating that "[t]he vast majority of federal courts agree that treatment by a non-contract private physician, nurse or hospital upon referral or on an emergency basis does not satisfy the requirements for state action.").

Consequently, the civil rights claim against Hershey Medical will be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

2. State Law Claims

Whether to exercise supplemental jurisdiction is within the discretion of the court. Section 28 U.S.C. § 1367(c)(3) provides that district courts may decline to exercise supplemental jurisdiction over a state law claim if the district court has dismissed all claims over which it has original jurisdiction. When deciding whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *Carnegie-Mellon Univ. v. Cahill*, 484 U.S. 343, 350 (1988)). "[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Miflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)).

To the extent that any of Hayward's allegations may be construed as setting forth state law claims, following thorough considerations of judicial economy, convenience, and fairness, the Court declines to exercise supplemental jurisdiction over such claims.

3. Leave to Amend

Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted, the court must grant plaintiff leave to amend unless doing so would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 114 (3d Cir. 2002). In this case, allowing leave to amend as to Hershey Medical would be futile as it is clear that it is a private facility to which Hayward was referred for the sole purpose of a surgical consult and surgery.

**B. Drs. Landsberg and Davis**

1. Constitutional Claims

Hayward alleges that Drs. Landsberg and Davis failed to provide her with adequate medical care. For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference requires proof that the

official "knows of and disregards an excessive risk to inmate health or safety." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Deliberate indifference has been found where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse*, 182 F.3d at 197. Deference is given to prison medical authorities in the diagnosis and treatment of patients, and courts "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . (which) remains a question of sound professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)). Allegations of negligent treatment or medical malpractice do not trigger constitutional protections. *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976).

Hayward alleges that, Dr. Landsberg began treating her for a bladder condition in March 2014. Dr. Landsberg allegedly sent her to Geisinger Medical Center, "who said nothing was wrong. [T[hen he referred [her] to Dr. Davis @ Hershey Medical Center." (Doc 1, p. 3). Dr. Davis diagnosed her with a prolapsed bladder and prescribed therapy. Upon being notified that an initial course of

bladder therapy was unsuccessful, Dr. Landsberg arranged for Hayward to have the proper therapy administered. Ongoing problems necessitated surgery, which Dr. Landsberg facilitated and Dr. Davis performed.

It appears clear that Hayward suffers from a serious medical condition. She does not, however, allege that either doctor knew of a need for medical treatment but intentionally refused to provide it, delayed necessary medical treatment based on a nonmedical reason, or prevented Hayward from receiving needed or recommended treatment. To the contrary, Hayward alleges that Dr. Landsberg consistently rendered or arranged for treatment of her ongoing bladder condition. And that Dr. Davis prescribed therapy and, when that proved unsuccessful, performed surgery. Accepting as true these factual allegations, and drawing all reasonable inferences from them in the light most favorable to Hayward, there simply is no indication that Dr. Landsberg or Dr. Davis was deliberately indifferent to Hayward's serious medical needs.

The allegations surrounding the exam performed by Dr. Landsberg on February 18, 2016 are also insufficient to state an Eighth Amendment claim. Hayward alleges that despite the fact that she informed Dr. Landsberg that there was to be nothing inserted in her vagina for two months, he performed a post-surgical follow-up internal examination which caused her pain. Hayward indicates

that this examination was contrary to Dr. Davis's instructions. "The medical care of prison inmates is entrusted to prison doctors, to whose judgment and training courts owe substantial deference." *White v. Napoleon*, 897 F.2d 103, 113 (3d Cir. 1990). Allegations of medical malpractice are not sufficient to establish a constitutional violation. *White*, 897 F.2d at 108 (citing *Estelle*, 429 U.S. at 106). And the "mere disagreement as to the proper medical treatment" does not support a claim of violation of the Eighth Amendment. *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987); *see also Brown v. DeParlos*, 492 F. App'x 211, 216 (3d Cir. 2012). Hayward appears to disagree with the manner in which Dr. Landsberg conducted a post-surgery exam. While Hayward may disagree, the administration of the examination does not demonstrate deliberate indifference or unnecessary and wanton infliction of pain and does not amount to a constitutional violation. At most, Dr. Landsberg's conduct amounts to negligence in the form of medical malpractice.

Likewise, the scant allegations against Dr. Davis, including the contention that he failed to examine her during her follow-up appointment in March 18, 2016, are insufficient to state an Eighth Amendment claim.

### 2. State Law Claims

Inasmuch as Hayward seeks to impose liability on Dr. Landsberg or Dr. Davis on state law grounds, the Court declines to exercise supplemental jurisdiction.

### 3. Leave to Amend

"The obligation to liberally construe a pro se litigant's pleadings is well-established." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) (citing *Estelle*, 429 U.S. at106). Consequently, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted, the court must grant plaintiff leave to amend the pleading unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 114 (3d Cir. 2002). Given Hayward's *pro se* status, and because it is conceivable that Hayward could amend her complaint to state an Eighth Amendment claim against Drs. Landsberg and Davis, out of an abundance of caution, she will be afforded leave to amend.

## III. CONCLUSION

Based on the foregoing, Defendants' motions (Docs. 21, 24) to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) will be granted and the

complaint against Dr. Davis will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An appropriate Order will issue.